United States District Court
Southern District of Texas
**ENTERED**
January 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LUEIS FONTENOT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00194 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner James Lueis Fontenot filed a *pro se* petition under 28 U.S.C. § 2254 on August 10, 2022. In a Notice of Deficient Pleading mailed on August 16, 2022, Fontenot was notified that he must submit either the $5 filing fee or an application to proceed *in forma pauperis* and certified trust fund account statement (or institutional equivalent). (D.E. 4). The deadline to respond was September 21, 2022. Fontenot was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. Fontenot did not respond to the notice.

The undersigned subsequently issued an order to show cause on September 20, 2022, ordering Fontenot to show cause within 20 days why his lawsuit should not be dismissed for want of prosecution because he had failed to comply with the Notice of Deficient Pleading. (D.E. 5 at 1-2). Fontenot was warned that failure to comply with the order would result in the dismissal of his lawsuit under Federal Rule of Civil Procedure 41. (*Id.* at 2). In response, Fontenot mailed a letter to the court stating that he authorized the

prison system to pay the $5 filing fee at the time he filed his petition and that he was attempting to resolve the clerical issue by having the payment re-issued. (D.E. 6). On October 31, 2022, the undersigned construed this letter as a motion for an extension of time to pay the filing fee and granted Fontenot a 30-day extension from the date of the order. (D.E. 7 at 1-2). Fontenot did not pay the filing fee by the new deadline.

On December 16, 2022, the undersigned held a hearing at which Fontenot appeared and discussed the filing fee. After the hearing, the undersigned issued another order requiring Fontenot to submit either the $5 filing fee or an application to proceed *in forma pauperis* and certified trust fund account statement (or institutional equivalent) by January 17, 2023.[1] (D.E. 9 at 1). He was again warned that failure to comply with the order would result in the dismissal of his lawsuit under Federal Rule of Civil Procedure 41. (*Id.*).

The deadline to respond has passed and Fontenot has not complied or otherwise responded to the order. Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with a court order. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); Fed. R. Civ. P. 41(b). Accordingly, it is recommended that his complaint be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

---

[1] The order mistakenly stated the deadline as January 17, 2022. However, despite this clerical error, the deadline was also discussed with Fontenot at the hearing and he was informed that he needed to submit either the $5 filing fee or an application to proceed *in forma pauperis* and certified trust fund account statement (or institutional equivalent) within 30 days.

Respectfully submitted on January 24, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).